AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 3:17-cr-00040-RLY-MJD-03 |
| ANDREA MADDOX ) | |
| ) | USM No: 16000-028 |
| Date of Original Judgment: 05/09/2019 ) | |
| Date of Previous Amended Judgment: ) | |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/28/2023 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 10/31/2024

*Judge's signature*

RICHARD L. YOUNG, Judge

Effective Date: _____
*(if different from order date)*

A CERTIFIED TRUE COPY
Kristine L. Seufert
U.S. District Court
Southern District of Indiana
By ___Dina M. Dafe___
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cr-00040-RLY-MJD |
| | ) | |
| ANDREA MADDOX, | ) -03 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

*Pro se* Defendant Andrea Maddox moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) under the terms of Amendment 821, Part A, to the United States Sentencing Guidelines. In Part A, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant like Maddox who received 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives 1 status point, not 2. The Government argues Maddox is not entitled to a sentence reduction. The court agrees.

At the time Maddox was sentenced, her offense level was a 35 and her criminal history points were 14. (Filing No. 480, Presentence Report ¶¶ 25, 40–42). That placed Maddox in category VI, which applies when a defendant has 13 or more criminal history points. (*Id.* ¶ 42). Her guidelines range was 292 to 360 months' imprisonment. (*Id.* ¶ 76). The court sentenced her to 180 months' imprisonment. (Filing No. 482, Judgment).

1

Maddox contends that under Amendment 821, Part A, her criminal history points should be 12, placing her in category V. Even if the court were to agree with Maddox, her guidelines range would be 262-327 months' imprisonment.[1] *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Because Maddox was sentenced to a term of imprisonment less than her proposed guidelines range, she is not entitled to a sentence reduction. Her motion for sentence reduction (Filing No. 710) must be **DENIED**.

**SO ORDERED** this 31st day of October 2024.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy by U.S. Mail to:
Andrea Maddox, #16000-028
FMC Lexington Satellite Camp
P.O. Box 14525
Lexington, KY  40512

---

[1] Defendant is under the impression her offense level was 31. That is incorrect. But even if the court were to find her offense level was 31 and her criminal history points were 12, her guidelines range would be 168 to 210 months' imprisonment. Her sentence fell within that guidelines range.